Putnam J.
delivered the opinion of the Court. The plaintiff claims the goods in virtue of a bill of sale from N. Abbot and N. Abbot 3d, and the defendant, under an attachment against the Abbots.
The plaintiff produces a bill of sale and proves that the Ab *143 bots executed it; he also proves that the property was delivered ; and upon the bill of sale, payment by a note is acknowledged. If this were uncontrolled, the title of the plaintiff would be established.
But the defendant, in behalf of the attaching creditor, offers the venders as witnesses, to prove that the sale was made with intent to defraud the creditors of the Abbots, and that the plaintiff was conusant of that intent and advised and aided therein.
The plaintiff however objects to the competency of those witnesses, on the ground of interest; contending that the venders have received a compensation and payment for the goods from the plaintiff, who is, as he alleges, an honest purchaser, •and that the effect of their testimony is to enable their creditors to levy upon and hold the same goods : so they will get the value twice ; in the first place, from the purchaser, and in the second place, by having the value in payment of their debt to their creditors.
If those consequences would follow, the witnesses should be rejected. But it is answered on the part of the defendant, that the interest of the venders is exactly balanced, that they have had nothing from the plaintiff in payment for the goods, except the note, and if the attaching creditor should hold the goods, the note cannot be enforced against the purchaser : so they will get the value of their goods only once, namely, in having them levied on and taken by their creditors.
We must take it from the report of the case, that a" note was1 in fact given by the plaintiff to the venders. If it has been paid, or if it was negotiable and was negotiated before it was overdue, to an indorsee for a valuable consideration without notice, it would not be competent for the venders to give evidence which tended to divest the title in the plaintiff, and in effect to pocket the value of the goods a second time.
But it does not appear that the note has ever been paid. If the venders should sue the plaintiff on the note, it seems very clear to the Court, that he might defend successfully by proving that the venders themselves have acknowledged there was no other consideration than the pretended sale of the goods, and if the attaching creditor should hold the goods, it would *144 follow that the note would be without consideration. Undei such circumstances the venders could not enforce their note. ‘ The supposed balance of interest would exist. They would have the value of the goods only once by their being appropriated, towards the payment of their debts.
Now it being doubtful whether the note was negotiable or not. and if it was, whether it had been fairly negotiated or not, or whether it does not still remain in the hands or control of the venders, the Court are of opinion that they are competent witnesses.
• A new trial is granted. And if it should be proved to the satisfaction of the Court, that the venders had received payment for the note, or had obtained the value of it by negotiating it before this action was brought, then their testimony is, upon the new trial, to be rejected.